[Cite as *Cobia v. Goode*, 2022-Ohio-4002.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| RAY COBIA | : | |
| | : | |
| Petitioner-Appellant | : | Appellate Case No. 29557 |
| | : | |
| v. | : | Trial Court Case No. 2022-CV-02746 |
| | : | |
| SAMUEL GOODE | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Respondent-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of November, 2022.

. . . . . . . . . . .

RAY COBIA, Atty. Reg. No. 0069384, 4746 Germantown Pike, Dayton, Ohio 45417
    Petitioner-Appellant, Pro Se

SAMUEL GOODE, 435 Anna Street, Dayton, Ohio 45420
    Respondent-Appellee, Pro Se

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Petitioner-appellant Ray Cobia appeals from the judgment of the Montgomery County Court of Common Pleas denying his petition for a civil stalking protection order. For the reasons set forth below, we affirm.

## I. Facts and Procedural Background

{¶ 2} In June 2022, Cobia filed a petition seeking a civil stalking protection order against Samuel Goode. In the petition, Cobia made the following statement in support of his request for a protection order, which we have set forth as written:

> Jan 2022 threats made to us because wife would not allow Nerissa Elijah
>
> (my wife mother) to claim her on taxes Samuel sent a picture stating he was
>
> going to post pictures around about me being a predetor/June 2022 pictures
>
> was posted as indicated in the text.

{¶ 3} A full hearing was conducted on July 19, 2022, after which the magistrate denied the petition. Cobia did not file any objections, and the trial court adopted the magistrate's decision.

{¶ 4} Cobia appeals.

## II. Analysis

{¶ 5} We begin by noting that Cobia has failed to comply with numerous provisions of App.R. 16 regarding appellate briefs. Importantly, he fails to set forth "a statement of the assignments of error presented for review, with reference to the place in the record

where each error is reflected." App.R. 16(A)(3). Further, we cannot discern the basis for this appeal based upon the content of the document submitted by Cobia as his appellate brief. Because the document arguably contests the decision to deny the petition for a protection order, we will construe it as presenting a claim that the decision was not supported by the evidence.

{¶ 6} When assessing whether a civil stalking protection order should have been issued, the reviewing court must determine whether the petitioner proved by a preponderance of the evidence that the respondent engaged in conduct constituting menacing by stalking. *Lane v. Brewster*, 12th Dist. Clermont No. CA2011-08-060, 2012 Ohio-1290, ¶ 50; *Olenik v. Huff*, 5th Dist. Ashland No. 02-COA-058, 2003-Ohio-4621, ¶ 16-18. Whether the evidence presented is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).

{¶ 7} Menacing by stalking is defined as "engaging in a pattern of conduct" that knowingly "cause[s] another to believe that the offender will cause serious physical harm to the other person or cause mental distress to the other person." R.C. 2903.211(A)(1). To establish a pattern of conduct, there only need to be two or more actions closely related in time. R.C. 2903.211(D)(1).

{¶ 8} As noted, the hearing in this case was conducted by a magistrate, who denied the protection order. The magistrate concluded that the facts did not demonstrate a pattern of conduct. Cobia failed to file objections to this decision as required by Civ.R. 53. That rule states, in pertinent part:

Except for a claim of plain error, a party shall not assign as error on appeal

the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(3)(b)(iv).

{¶ 9} In accordance with this rule, we have refused to consider issues that parties fail to raise in objections to a magistrate's decision unless plain error is demonstrated. *See Maier v. Shields*, 2d Dist. Miami No. 2007-CA-21, 2008-Ohio-3874, ¶ 50. Because the plain error doctrine is not favored in civil appeals, it "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." (Citations omitted.) *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶ 10} Cobia has not shown the existence of any exceptional circumstances in the case before us. Furthermore, we cannot conclude that the magistrate's decision was not supported by the evidence. Indeed, we are unable to review the propriety of the magistrate's findings and the trial court's adoption of those findings because Cobia has not filed a transcript of the evidentiary hearing. Absent a transcript, we must presume regularity below. *Frodyma v. Frodyma*, 2d Dist. Greene No. 2013-CA-40, 2014-Ohio-953, ¶ 22. Therefore, we accept the magistrate's factual findings as having been established, and we agree that the issuance of a civil protection order was not warranted.

**{¶ 11}** Cobia's assignment of error is overruled.

### III.    Conclusion

**{¶ 12}** The assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Ray Cobia
Samuel Goode
Hon. Richard S. Skelton